IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DIANA JUAREZ-VASQUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-10-1123-D |
| ) | |
| MICHAEL B. DONLEY as Secretary of ) | |
| the Air Force of the United States, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant's Motion to Dismiss [Doc. No. 17], filed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has responded in opposition to the Motion, and the time for filing a reply brief has expired. The Motion is thus at issue.

Plaintiff is a civilian employee of the United States Department of the Air Force currently employed at Tinker Air Force Base. She brings suit under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), claiming that she has been subjected to discrimination based on her gender and race or national origin (Hispanic or Mexican-American), and retaliation for making discrimination complaints. The discrimination and retaliation allegedly consisted of unequal treatment in certain terms and conditions of employment (which are listed in paragraph 12 of the Complaint) and a hostile work environment. The supervisors and managers who allegedly participated in or ratified the discriminatory and retaliatory conduct are named (in paragraphs 10 and 11), and a time period is stated (in paragraphs 7 and 12). Plaintiff's list of adverse employment actions includes an allegation that she experienced "abusive, hostile and derogatory comments by supervisors, demonstrating overt hostility and disrespect for [Plaintiff] and encouraging [her] coworkers to treat her with similar abusive language, hostility and disdain and

encouraging them to make petty and unwarranted complaints regarding [her]." *See* Compl. [Doc. No. 1], ¶ 12.d. The Complaint also contains allegations that would permit Defendant to be held liable for discriminatory harassment by coworkers. *See id.*, ¶ 16. The exhaustion of administrative remedies is also alleged. Nevertheless, Defendant contends the Complaint fails to state an actionable claim.

## Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Determining the sufficiency of a complaint is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950; *see Robbins*, 519 F.3d at 1248 (degree of specificity needed to establish plausibility "depends on context"). The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

## Discussion

The asserted ground for dismissal of Plaintiff's discrimination and retaliation claims is, in essence, that Plaintiff fails to allege sufficient facts to establish a *prima facie* case under the burden-shifting analysis of *McDonnell Douglas v. Green*, 411 U.S. 792, 802-04 (1973). *See* Def.'s Motion [Doc. No. 17] at 3, 6-7 (quoting *Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005);

2

*Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006)). The Supreme Court has squarely held that *McDonnell Douglas* established an evidentiary standard and not a pleading requirement; it need not be satisfied in order to state a discrimination claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002). This holding is unaffected by recent decisions regarding Rule 12(b)(6). *See Twombly*, 550 U.S. at 569-70 (finding the plausibility standard to be consistent with *Swierkiewicz*). Here, Plaintiffs' factual allegations state plausible claims that Defendant violated Title VII by subjecting her to discriminatory and retaliatory employment actions based on her gender, ethnicity, and prior complaints of discrimination. Thus, the Complaint sufficiently states Title VII claims of discrimination and retaliation.

Regarding the hostile work environment claim, Defendant asserts that the Complaint contains insufficient factual allegations to establish the existence of an abusive workplace based on Plaintiff's membership in a protected group. Although the Complaint alleges only minimal facts regarding the alleged harassment, the Court finds upon careful examination sufficient allegations to support a hostile work environment claim. The Complaint states that both the named supervisors and unnamed coworkers engaged in offensive conduct that included unwarranted criticism of Plaintiff's performance, abusive comments, petty and contrived complaints against her, disproportionate discipline for alleged misconduct, and inequitable job assignments. *See* Compl. [Doc. No. 1], ¶¶ 12, 14. Plaintiff alleges that the harassment unreasonably interfered with her work performance and affected her physical and psychological well-being, and that male and non-Hispanic employees were not subjected to similar treatment. *See id.*, ¶¶ 14-15. Notwithstanding a lack of allegations that Plaintiff endured any overtly gender- or race-based comments or conduct, hostile work environment claims are evaluated under a totality-of-circumstances approach that permits even neutral conduct viewed in context to create an inference of discriminatory harassment.

3

*See O'Shea v. Yellow Tech. Serv., Inc.*, 185 F.3d 1093, 1097 (10th Cir. 1999); *see also Harsco Corp. v. Renner*, 475 F.3d 1179, 1187 (10th Cir. 2007); *Chavez v. New Mexico*, 397 F.3d 826, 834-35 (10th Cir. 2005). Accordingly, the Court finds the Complaint to be sufficient, although barely, to state a Title VII claim of hostile work environment harassment.

**Conclusion**

For these reasons, the Court finds that the Complaint is sufficient to state Title VII claims of gender and race or national origin discrimination, retaliation, and a hostile work environment.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 17] is DENIED.

IT IS SO ORDERED this 18th day of July, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE